FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 18 2013

JAMES N. HATTEN, Clerk
BY: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DARREL D. RALPH and SHARON V. RALPH, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) <br> ) |
| BRIAN A. WHETSELL, BARBARA C. ANDREWS, STEVEN R. ANDREWS, S.R. ANDREWS, INC. and ATLANTA VIRTUAL.COM, INC. | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

CIVIL ACTION FILE NO.

**1 13-CV-4190**

JURY TRIAL DEMANDED



## COMPLAINT

Plaintiffs Darrel D. Ralph and Sharon V. Ralph, by and through counsel, file this Complaint against Brian A. Whetsell, Barbara C. Andrews, Steven R. Andrews, S.R. Andrews, Inc. and Atlanta Virtual.com, Inc. and allege as follows:

### PRELIMINARY STATEMENT

Plaintiff Darrel D. Ralph ("Ralph") has been engaged in the business of designing and selling knives for approximately 20 years.   In 2003, Darrel Ralph met defendant Brian A. Whetsell ("Whetsell") who owns and operates defendant Atlanta Virtual.com, Inc., a company engaged in the business of providing website hosting and web design services. Ralph and Whetsell decided to go into business together to sell knife "kits," knife kit parts and other related products to the public over the internet through a newly formed company – CKK Industries, Inc. ("CKK").

The claims in this action are direct claims of Darrel Ralph and Sharon Ralph in their capacities as 50% shareholders of CKK.  The claims arise from the operations of CKK which has been engaged in the business of selling knife kits, knife kit parts and other related products on

together to sell knife "kits," knife kit parts and other related products to the public over the internet through a newly formed company – CKK Industries, Inc. ("CKK").

The claims in this action are direct claims of Darrel Ralph and Sharon Ralph in their capacities as 50% shareholders of CKK. The claims arise from the operations of CKK which has been engaged in the business of selling knife kits, knife kit parts and other related products on the internet since 2003. CKK is a closely-held company having only four shareholders. Plaintiffs Darrel Ralph and Sharon Ralph own 50% of the outstanding shares, and defendant Whetsell and his mother, defendant Barbara C. Andrews ("Barbara Andrews"), own the remaining 50% of the outstanding shares. The Board of Directors is composed of the four shareholders. Defendants Steven R. Andrews ("Steven Andrews") and S.R. Andrews, Inc. ("SRA") have served as the General Manager of CKK.

In recent years, defendants Whetsell, Barbara Andrews, Steven Andrews and SRA, in breach of their fiduciary duties to CKK and the Ralphs, have misappropriated CKK's business opportunities by diverting the purchase of knife kits, knife kit parts and other related products from CKK to defendant Atlanta Virtual.com, Inc. ("AVI") and then selling knife kits, knife kit parts and other related products on consignment through CKK on terms favorable to AVI,

2

resulting in significant lost revenue and profits to CKK.   In addition, on information and belief, defendants Whetsell, Barbara Andrews, Steven Andrews and SRA are selling knife kits and knife kit parts, as well as other related products directly through AVI, rather than selling such products through CKK.  The Ralphs seek an award of damages for their share of the lost revenue and profits sustained by CKK and diminution in value of CKK as well as an accounting of all transactions between defendants and CKK and their customers, suppliers, vendors, manufacturers, affiliates and controlling persons.

## PARTIES

1.      Plaintiff Darrel D. Ralph ("Ralph") is a citizen of the State of Texas residing at 1019 Newington Circle, Forney, Texas 75126.  At all times material hereto, Ralph has been a shareholder, director and officer of CKK Industries, Inc. ("CKK"), serving as its President.

2.      Plaintiff Sharon V. Ralph is a citizen of the State of Texas residing at 1019 Newington Circle, Forney, Texas 75126.  At all times material hereto, Sharon Ralph has been a shareholder and director of CKK.

3.      Defendant Brian A. Whetsell ("Whetsell") is a citizen of the State of Georgia residing at 881 Al Roberts Road, Senoia, Georgia 30276.  At all times

3

material hereto, Whetsell has been a shareholder, director and officer of CKK, serving as its Vice-President and Treasurer.

4.     Defendant Barbara C. Andrews ("Barbara Andrews") is a citizen of the State of Georgia residing at 1600 Palmetto-Tyrone Road, Sharpsburg, Georgia 30277. Barbara Andrews is the mother of defendant Whetsell and the step-mother of defendant Steven Andrews. At all times material hereto, Andrews has been a shareholder and director of CKK, and she currently serves as Secretary of CKK.

5.     Defendants Steven R. Andrews ("Steven Andrews") and S.R. Andrews, Inc. ("SRA") are citizens of the State of Georgia. Steven Andrews resides at 4430 Alysheba Drive, Fairburn, Georgia 30213. SRA is a corporation organized and existing under the laws of the State of Georgia having its principal place of business at 4430 Alysheba Drive, Fairburn, Georgia 30213. At all times material hereto until January 2013, Steven Andrews has served as the General Manager of CKK. As General Manager of CKK, Steven Andrews was authorized to handle the day-to-day business operations of CKK, including, but not limited to, the purchase and sale of products, contracting for the delivery of CKK products to customers, payment of CKK accounts payable, and the hiring and firing of CKK employees. In January, 2013, SRA became the General Manager of CKK and undertook the same duties and responsibilities as had been handled by Steven

4

Andrews. SRA may be served by delivering a copy of the Summons and Complaint to its Registered Agent Henry Wise III at 2155 Ramblewood Drive, Augusta, Georgia 30906.

6.      Defendant Atlanta Virtual.com, Inc. ("AVI") is a corporation organized and existing under the laws of the State of Georgia having its principal place of business at 881 Al Roberts Road, Senoia, Georgia 30276. Whetsell is a shareholder, director and officer of AVI, serving as its Chief Executive Officer. Barbara Andrews is a shareholder, director and officer of AVI, serving as its Chief Financial Officer.  Until 2012, AVI was engaged solely in the business of providing web hosting services and web design services. AVI may be served by delivering a copy of the Summons and Complaint to its Registered Agent Barbara Andrews at 1600 Palmetto-Tyrone Road, Sharpsburg, Georgia 30277.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction of this action, pursuant to 28 U.S.C. § 1332(a), in that plaintiffs Darrel Ralph and Sharon Ralph and defendants Whetsell, Barbara Andrews, Steven Andrews SRA and AVI are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.      Venue is proper, pursuant to 28 U.S.C. § 1391, in that all defendants reside in this judicial district, a substantial part of the events or omissions giving right to the claims occurred in this judicial district and all defendants are subject to personal jurisdiction in this judicial district.

## FACTUAL ALLEGATIONS

9.      Plaintiff Ralph has been engaged in the business of designing and selling knives for approximately 20 years.  In 2003, when Ralph first met Whetsell, he had been affiliated with Camillus Cutlery Company, Wilson Combat and the Outdoor Edge Company in designing knives for production and handling some in-house production of knives for those companies.  Since approximately 2003, Ralph has continued to design and build knives, machinery, tools, accessories and knife parts through his and Sharon Ralph's company, Briar, Inc. but has not designed or sold knife kits or parts for knife kits for any party except for CKK.

10.      In 2003, Ralph met defendant Whetsell at a knife show.  Whetsell was a shareholder and Chief Executive Officer of defendant AVI. Defendant Barbara Andrews also was the Chief Financial Officer and Secretary of AVI.  AVI was not engaged in the knife business.  AVI was engaged in the business of providing website hosting and web design services.

6

11.     Ralph and Whetsell discussed the idea of starting an internet-based company to sell knife "kits" and knife kit parts to the general public.  The knife kits would be composed of knife parts that the buyer would assemble.

12.     In June 2003, CKK Industries, Inc. ("CKK") was incorporated for the purpose of engaging in the manufacturing and selling of custom knife kits, knife kit parts and related products to the public via the internet.  CKK is a statutory close corporation organized and existing under the laws of the State of Georgia having its principal place of business at 881 A1 Roberts Road, Senoia, Georgia. Since the incorporation of CKK, the Ralphs have owned 50% of the issued and outstanding common stock of CKK and defendants Whetsell and Barbara Andrews have owned the remaining 50% of the issued and outstanding common stock of CKK.   The Board of Directors of CKK has been composed of Ralph, Sharon Ralph, Whetsell and Barbara Andrews.   Ralph has continuously served as President, Whetsell has continuously served as Vice-President and Barbara Andrews currently serves as Secretary of CCK.

13.     Section 8 of the Articles of Incorporation of CKK provides that:

> No director shall be liable to the corporation or its shareholders for monetary damages for any action taken, or failure to take any action, except liability:
>
> a.  For any appropriation, in violation of his or her duties, of any business opportunity of the corporation;

7

b. For acts or omissions which involve intentional misconduct or a knowing violation of law;

c. For the types of liabilities set forth in O.C.G.A. § 14-2-832; or

d. For any transaction from which the director received an improper benefit . . . .

A true and correct copy of the Articles of Incorporation, as amended, are attached hereto as Exhibit "A."

14.    The Article IV, Section 8 of the By-Laws of CKK provides that:

The Board of Directors shall regulate and supervise the management and operation of the company. It shall attend to all internal affairs of the company, shall make such arrangements for carrying on the business as it deems best and, in addition to the powers by these by-laws expressly conferred upon the Board, it may exercise all of the powers of the Corporation and do all such lawful acts and things as are not by statute or by the charter or by these by-laws required to be exercised or done by the members. *The action of a majority of the Directors present at a meeting in which a quorum is present shall be the action of the Board of Directors*, provided, however, that if a majority of the Directors cannot be reached with respect to the voting on a particular issues, *said issue shall be presented to the shareholders for a vote and any action taken with respect thereto by a majority of the outstanding shares entitled to vote at a meeting in which a quorum of shareholders is present shall be the act of the Corporation with respect to the issue*. (Emphasis supplied)

A true and correct copy of the By-Laws of CKK Industries is attached hereto as Exhibit "B."

8

15.   From June 2003 to the present, CKK has engaged in the business of manufacturing and selling custom knife kits, knife parts and other related products, including Kydex material to make sheaths for knives and guns, to the public via the internet. CKK has also sold products wholesale to knife and gun manufacturers. AVI provided web site hosting and web design services to CKK for a fee.

16.   In September 2011, Whetsell and Ralph tentatively agreed, that for new, first run knife kit products he and Ralph be entitled to develop and manufacture the product for their own account and then sell the product on a consignment basis through CKK.   CKK would be paid 25% of the sales price of the product.  After the second product run, CKK would be entitled to manufacture and sell the new product and would pay the developer a 5% royalty.   This tentative agreement was never approved by a majority of the directors or the shareholders of CKK.

17.   Soon after this proposed consignment agreement was discussed, Ralph discovered that Whetsell, through AVI, was not only developing new, first run  products and selling them on consignment through CKK, but was buying products, through AVI, that had been previously been sold by CKK or had previously been earmarked by Ralph to be sold by CKK.   Whetsell, Barbara Andrews and Steven Andrews were causing AVI to order these products for sale

9

through CKK on a consignment basis and depriving CKK of the revenue and profits it would otherwise earn by engaging in the business directly. Ralph immediately informed Whetsell of his objections by email on December 6, 2011, and stated that "I am withdrawing my ok on all consignment deals until we get the terms set up in a fashion that is crystal clear." Whetsell responded by email on the same day that he would suspend all consignment purchases "while the shareholders discuss this." After that date through the date hereof, the issues were never resolved by the shareholders and no consignment deal was ever established. Despite objections from Ralph and despite the lack of authorization by a majority of the Board of Directors or Shareholders, as required by the CKK By-Laws, defendants Whetsell, Barbara Andrews, Steven Andrews and SRA have continued to engage in this wrongful activity.  In fact, the defendants have expanded their misappropriation of CKK's business opportunities to include: (i) causing AVI to manufacture and sell on consignment through CKK new products that were designed by Ralph specifically for manufacture and sale by CKK; (ii)  causing AVI to purchase for consignment sale by CKK new products had been selected for CKK by Ralph, along with defendant Steven Andrews, the Shooting, Hunting, and Outdoor Trade Show ("SHOT Show") they attended as representatives of CKK; (iii) causing AVI to purchase and sell on consignment through CKK new products

10

after the termination of the consignment agreement, and (iv) on information and belief, causing AVI to conduct direct sales of knife kits, knife kit parts and other types of products typically sold by CKK, and using CKK's web pages, employees, and agents to accomplish such sales.

18.    In addition, on information and belief, Whetsell, Barbara Andrews, Steven Andrews and SRA have caused CKK to cease or substantially diminish its wholesale sales and are causing AVI to sell products to the wholesale market which deprived CKK of the profits it would otherwise earn by engaging in the wholesale business directly.

19.    Defendants have significantly increased the amount of business that they are diverting through AVI.  In 2012, approximately $450,000 of such business was wrongfully diverted through AVI.  For the eleven months ending in November, 2013 approximately $724,050 of such business has been wrongfully diverted to AVI.  Exhibit "C" hereto is a true and correct list of products being sold by AVI on consignment through CKK.

20.    In addition, defendants Whetsell and Barbara Andrews, without approval from a majority of the Board of Directors or shareholders as expressly required by Section 11 of the CKK By-Laws, and over the objections of Ralph as CKK's president, have unilaterally increased Barbara Andrews' salary as Secretary

11

of CKK, have wrongfully compensated or wrongfully increased the compensation paid to defendants Whetsell, AVI, Steven Andrews and SRA for services allegedly provided to CKK, and on information and belief, have caused defendants Steven Andrews and Barbara Andrews to provide services directly for AVI at the cost and expense of CKK.

21.    At all times material hereto, CKK has had the financial ability to engage in the business opportunities that were being wrongfully diverted to AVI. Since December 2011, CKK has operated profitably without incurring any debt to third parties and has assets, including cash, inventory and accounts receivable, which could be used to finance the transactions wrongfully misappropriated by AVI.

**COUNT I**
**BREACH OF FIDUCIARY DUTY**
**AGAINST BRIAN A. WHETSELL**

22.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 21 of the Complaint.

23.    As a shareholder, director and officer of CKK, Whetsell owed fiduciary duties to plaintiffs Ralph and Sharon Ralph and CKK.

24.    Whetsell intentionally, maliciously, willfully, recklessly, or negligently breached his fiduciary duties to plaintiffs Ralph and Sharon Ralph and

12

CKK by, among other things, misappropriating CKK's business opportunities to directly buy and resell knife kits, parts for knife kits and other related products to the retail and wholesale markets.

25.   As a direct and proximate result of Whetsell's breach of his fiduciary duties, plaintiffs Ralph and Sharon Ralph have sustained substantial damages.

26.   Whetsell has acted in bad faith, has been stubbornly litigious and has caused plaintiffs unnecessary attorneys' fees and litigation expenses.   As a result of Whetsell's conduct, plaintiffs are entitled to an award of attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, the premises considered, plaintiffs Darrel D. Ralph and Sharon V. Ralph demand judgment against defendant Brian A. Whetsell for compensatory damages, punitive damages, prejudgment interest, and litigation expenses, including reasonable attorneys' fees.

## COUNT II
## BREACH OF FIDUCIARY DUTY
## AGAINST BARBARA C. ANDREWS

27.   Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 26 of the Complaint.

28.   As a shareholder, director and officer of CKK, Barbara Andrews owed fiduciary duties to plaintiffs Ralph and Sharon Ralph and CKK.

13

29.     Barbara Andrews intentionally, maliciously, willfully, recklessly, or negligently breached her fiduciary duties to plaintiffs Ralph and Sharon Ralph and CKK by, among other things, misappropriating CKK's business opportunities to directly buy and resell knife kits, parts for knife kits and other related products to the retail and wholesale markets.

30.     As a direct and proximate result of Barbara Andrews' breach of her fiduciary duties, plaintiffs Ralph and Sharon Ralph have sustained substantial damages.

31.     Barbara Andrews has acted in bad faith, has been stubbornly litigious and has caused plaintiffs unnecessary attorneys' fees and litigation expenses.  As a result of Barbara Andrews' conduct, plaintiffs are entitled to an award of attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, the premises considered, plaintiffs Darrel D. Ralph and Sharon V. Ralph demand judgment against defendant Barbara C. Andrews for compensatory damages, punitive damages, prejudgment interest, and litigation expenses, including reasonable attorneys' fees.

## COUNT III
## BREACH OF FIDUCIARY DUTY
## AGAINST STEVEN R. ANDREWS AND S.R.ANDREWS, INC.

32.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 31 of the Complaint.

33.     In their capacities as General Managers of CKK, Steven Andrews and SRA owed fiduciary duties to plaintiffs Ralph and Sharon Ralph and CKK.

34.     Steven Andrews and SRA intentionally, maliciously, willfully, recklessly, or negligently breached their fiduciary duties to plaintiffs Ralph and Sharon Ralph and CKK by, among other things, misappropriating CKK's business opportunities to directly buy and resell knife kits, parts for knife kits and other related products to the retail and wholesale markets.

35.     As a direct and proximate result of Andrews' and SRA's breach of their fiduciary duties, plaintiffs Ralph and Sharon Ralph have sustained substantial damages.

36.     Steven Andrews and SRA have acted in bad faith, have been stubbornly litigious and have caused plaintiffs unnecessary attorneys' fees and litigation expenses. As a result of Steven Andrews' and SRA's conduct, plaintiffs are entitled to an award of attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, the premises considered, plaintiffs Darrel D. Ralph and Sharon V. Ralph demand judgment against defendant Steven R. Andrews and S.R. Andrews, Inc. for compensatory damages, punitive damages, prejudgment interest, and litigation expenses, including reasonable attorneys' fees.

## COUNT IV
## AIDING AND ABETTING BREACH OF
## FIDUCIARY DUTY AGAINST AVI

37.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 36 of the Complaint.

38.    AVI has intentionally, maliciously, willfully, recklessly, or negligently aided and abetted the breaches of fiduciary duties and misappropriation of corporate opportunities by Whetsell, Barbara C. Andrews, Steven R. Andrews and S.R. Andrews, Inc.

39.    As a direct and proximate result of AVI's aiding and abetting breaches of its fiduciary duties by Whetsell, and Barbara C. Andrews, Steven R. Andrews and S.R. Andrews, Inc., plaintiffs Ralph and Sharon Ralph have sustained substantial damages.

40.    AVI has acted in bad faith, has been stubbornly litigious and has caused plaintiffs unnecessary attorneys' fees and litigation expenses. As a result of

16

AVI's conduct, plaintiffs are entitled to an award of attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, the premises considered, plaintiffs Darrel D. Ralph and Sharon V. Ralph demand judgment against defendant Atlanta Virtual.com, Inc. for compensatory damages, punitive damages, prejudgment interest, and litigation expenses, including reasonable attorneys' fees.

## COUNT V
## TORTIOUS INTERFERENCE WITH
## BUSINESS RELATIONS AGAINST AVI

41.   Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 40 of the Complaint.

42.   As shareholders, officers and directors of CKK, defendants Whetsell and Barbara Andrews owed fiduciary duties to CKK and its shareholders, officers and directors, including the duty not to misappropriate any corporate opportunity available to CKK in the line and scope of its business.  As General Managers and agents of CKK, defendants Steven Andrews and SRA owed fiduciary duties to CKK and its shareholders, officers and directors, including the duty not to misappropriate any corporate opportunity available to CKK in the line and scope of its business.

17

43.   AVI has tortiously interfered with the business relationship between Whetsell, Barbara Andrews, Steven Andrews and SRA, on one hand,  and CKK, Ralph and Sharon Ralph, on the other hand,  by wrongfully and with malice causing Whetsell, Barbara Andrews, Steven Andrews and SRA to misappropriate CKK corporate opportunities to the benefit of AVI.  AVI's wrongful acts include, but are not limited to, using CKK confidential business information in order to engage in its own manufacture and sales of knife kits, parts for knife kits and other related products through CKK on a consignment basis.

44.   AVI has acted intentionally, maliciously and recklessly in tortiously interfering with the business relations of Ralph, Sharon Ralph and CKK.

45.   As a direct and proximate result of AVI wrongful conduct, Ralph and Sharon Ralph have sustained substantial damages.

46.   AVI has acted in bad faith, has been stubbornly litigious and has caused plaintiffs unnecessary attorneys' fees and litigation expenses.  As a result of AVI's conduct, plaintiffs are entitled to an award of attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, the premises considered, plaintiffs Darrel D. Ralph and Sharon V. Ralph demand judgment against defendant Atlanta Virtual.com, Inc. for

compensatory damages, punitive damages, prejudgment interest, and litigation expenses, including reasonable attorneys' fees.

**COUNT VI**
**CLAIM FOR EQUITABLE ACCOUNTING AND CONSTRUCTIVE**
**TRUST AGAINST WHETSELL, BARBARA ANDREWS, STEVEN**
**ANDREWS, STEVEN ANDREWS, INC. AND AVI**

47.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 46 of the Complaint.

48.    Plaintiffs are entitled to an equitable accounting of all matters involving, or arising from, transactions between or among CKK and AVI and its affiliates and controlling persons pursuant to O.C.G.A. § 23-2-70, on the grounds that there exist mutual accounts growing out of privity of contract and the accounts among the parties are complicated and intricate.

49.    Plaintiffs are further entitled to the imposition of a constructive trust on all revenues derived by defendants from the sales of knife kits, parts for knife kits and other related products to the retail and wholesale markets.

WHEREFORE, the premises considered, plaintiffs Darrel D. Ralph and Sharon V. Ralph demand an equitable accounting of the transactions among CKK Industries, Inc. and Atlanta Virtual.com, Inc. and their suppliers, vendors, manufacturers, affiliates and controlling persons and further demand the imposition of a constructive trust on all revenues derived by defendants from the

sales of knife kits, parts for knife kits and other related products to the retail and wholes markets. In addition, plaintiffs demand an award of expenses of litigation including reasonable attorneys' fees, and such other, further, or different relief to which plaintiffs are entitled.

**COUNT VII**
**CLAIM FOR APPOINTMENT OF A RECEIVER**

50.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 49 of this Complaint.

51.    Pursuant to Rule 66 of the Federal Rules of Civil Procedure, plaintiffs request the appointment of a Receiver to manage the assets and business affairs of CKK.

52.    Appointment of a Receiver is necessary because defendants have breached their fiduciary duty to CKK and its shareholders and such conduct, without the appointment of a Receiver, will continue to occur.

53.    Unless a Receiver is appointed the value of CKK will continue to be diminished as defendants wrongfully misappropriate CKK's business opportunities to AVI and perhaps other entities.

54.    Plaintiffs are without an adequate remedy at law and the appointment of a Receiver will preserve the business of CKK and will not cause any damage to the defendants.

WHEREFORE, the premises considered, plaintiffs Darrel D. Ralph and Sharon V. Ralph respectfully request this Court to appoint a Receiver to manage the assets and business of CKK Industries, Inc. and grant such further, other, or different relief to which plaintiffs may be entitled.

This ı3 day of December, 2013.

Respectfully submitted,

**BARNES & THORNBURG LLP**

Thomas J. Gallo, Esq.
Georgia Bar No. 283048
Thomas.Gallo@btlaw.com
Prominence in Buckhead, Suite 1700
3475 Piedmont Road, N.E.
Atlanta, Georgia 30305-3327
Telephone:  404. 846.1693
Facsimile: 404.264.4033

*Counsel for Plaintiffs*

ATDS01 218716

21